UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81239-CIV-MARRA/JOHNSON

FRESH LOGISTICS, LLC, a
Delaware limited liability company,

        Plaintiff

vs.

ATLANTIS FOODS, INC., a Florida corporation,
TIMOTHY P. DELONG, an individual,
HOPE B. DELONG, an individual, and NECO, LLC,
a Florida limited liability company,

        Defendants.

_____/

### ORDER AND OPINION ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant NECO, LLC 's ("NECO") Renewed

Motion to Dismiss (DE 14), filed April 29, 2009.  Plaintiff FRESH LOGISTICS, LLC ("Fresh

Logistics" or "Plaintiff")  filed a response to the motion (DE 16).  No reply was filed.  The Court

has carefully reviewed the motion, the response, and is otherwise fully advised in the premises.

**Background**

On October 23, 2008, Plaintiff filed its Complaint against Defendants (DE 1).[1]  Plaintiff

brings suit alleging various claims under the Perishable Agricultural Commodities Act

("PACA"), 7 U.S.C. § 499a-t, to enforce its right to payments due for produce purchased by

Defendants.  Under this Act, the agricultural commodities sold, products derived from the

produce sold, and proceeds from the sale of such items are subject to a statutory trust ("PACA

---

[1]Plaintiff filed a Notice of Dismissal without prejudice against Defendant Hope B.
DeLong on March 5, 2009. (DE 9).  On July 9, 2009, the Court entered a Final Default Judgment
against Defendants Atlantis Foods, Inc. and Timothy P. DeLong. (DE 26).  As such, NECO is the
sole remaining Defendant in this action.

Trust") for the benefit of the seller until full payment is made to the seller by the dealer.  7 U.S.C. § 499a-t; see also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir.1997).   Plaintiff also raises claims for breach of contract, breach of fiduciary duty to PACA trust beneficiaries, conversion, unlawful retention of PACA trust assets, and fraudulent transfer.

The facts, as alleged in the Amended Complaint, are as follows: Plaintiff Fresh Logistics is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.  Compl. ¶ 2.  Defendant Atlantis Foods, Inc. ("Atlantis"), is a dealer and commission merchant subject to the provisions of the PACA. Compl. ¶ 3(a).   Defendants Timothy P. Delong and Hope P. Delong are officers or directors or persons in a position to control Atlantis at all times relevant to this action. Compl. ¶ 3(b, c).  Defendant NECO, LLC ("NECO") assumed control of and continues to operate Atlantis. Compl. ¶ 3(d).

Between November 1, 2007 and March 18, 2008, Plaintiff sold to Atlantis produce having an invoice value in the total amount of $11,779.00. Compl. ¶ 9.  Atlantis accepted the Produce delivered by Plaintiff. Compl. ¶ 10.   Plaintiff gave written notice of intent to preserve trust benefits to Atlantis by including the statutory trust language, set forth in 7 U.S.C. § 499e(c)(4). Compl. ¶ 12.  Atlantis failed to pay for the Produce despite Plaintiff's repeated demands. Compl. ¶ 13.

Defendant NECO was formed for the sole purpose of assuming control of and continuing to operate Atlantis. Compl. ¶ 56.  At the time it assumed control of Atlantis, NECO knew or should have known that Atlantis was engaged in and derived its revenue from the purchase and sale of Produce. Compl. ¶ 57.  At the time it assumed control of Atlantis, NECO knew or should have known that Atlantis was in severe financial difficulty and unable to pay its Produce-related

debts, such as the debt owed to Plaintiff.  Compl. ¶ 58.  At the time it assumed control of

Atlantis, NECO took control of Atlantis' PACA Trust Assets and subsequently took into its

possession additional PACA Trust Assets through the collection of Atlantis' accounts receivable.

Compl. ¶ 60.  NECO continues to hold any and all PACA Trust Assets having come into its

possession as a trustee for Plaintiff's beneficial interest in the PACA trust.  Compl. ¶ 61.

        After the claims of Plaintiff and other PACA trust beneficiaries arose, Atlantis transferred

assets to the DeLongs, NECO, and to other unknown third parties.  Compl. ¶ 65-66.  These

transfers were made to or for the benefit of insiders of Atlantis on antecedent debts and were

made without consideration. Compl. ¶ 67.  Atlantis was insolvent at the time of these transfers.

Compl. ¶ 68.  At the time of these transfers, the recipients had reasonable cause to believe that

Atlantis was insolvent. Compl. ¶ 69.

        Defendant NECO argues in its motion to dismiss that the claims against NECO –

Conversion and Unlawful Retention of PACA Trust Assets (Count VIII) and Fraudulent Transfer

(Count IV) –  improperly seeks to impose liability against it for events which Defendants claim

"occurred well before NECO's purchase of the Atlantis' assets and during periods of time when

NECO had no control over Atlantis and by extension, any of the alleged trust proceeds. Resp. ¶

16.  Plaintiff responds that the Court should deny the motion to dismiss because (1) it has

satisfied the "notice pleading" requirement under Rule 8(a)(2) and (2) Defendants' motion is

premised upon an overly narrow and incorrect interpretation of the PACA.

**Standard of Review**

        In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

court must accept all factual allegations in a complaint as true and take them in the light most

favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

*Conversion and Unlawful Retention of PACA Trust Assets (Count VIII)*

Conversion is defined as, "an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. In essence, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.  It is the disseisin of the owner or an interference with legal rights which are incident to ownership, such as a right to possession." Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., 125 F. Supp.2d 1093, 1099-1100 (S.D. Fla. 2000) (quoting Burger King Corp. v. Austin, 805 F. Supp. 1007, 1012 (S.D. Fla. 1992)) (citations omitted).  Florida courts have identified three elements necessary to state a claim for conversion: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. Id.; Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993) (analyzing each element to find that plaintiff had established conversion claim); Gulf Coast Produce, Inc. v. American Growers, Inc., 2008 WL 660100, *4 (S.D. Fla. 2008).

Here, Plaintiff alleges in Count VIII of the Amended Complaint that, upon assuming control of Atlantis, NECO took control of Atlantis Foods' PACA Trust Assets, which includes the PACA trust for the benefit of Plaintiff in the amount of $11,779.00. Compl. ¶ 8-14, 56-59. Plaintiff alleges that NECO continues to hold any and all PACA Trust Assets having come into its possession as a trustee for Plaintiff's beneficial interest in the PACA trust Compl. ¶ 61.

Moreover, Plaintiff alleges sufficient facts to support its allegation that NECO was not a bona fide purchaser of the trust assets.[2]  Unpaid sellers are not able to recover trust proceeds

_____

[2]Here, the Amended Complaint differs from that in Harvest Food Group, Inc. v. Newport Intern. of Tierra Verde, Inc., 2008 WL 4927006, (S.D. Fla. 2008), where the conversion claim

conveyed to a third party if that party is a "bona fide purchaser" of the trust assets. Reaves

Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc., 336 F.3d 410, 413 (5th Cir. 2003).

As the Eleventh Circuit explained, "[g]eneral principles of trust law govern the PACA trust, and

under such principles, even if property is transferred in breach of the trust, a 'bona fide

purchaser' receives the property free of the trust." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995,

999 (11th Cir. 1997), citing C.H. Robinson Co.v. Trust Co. Bank, N.A., 952 F.2d 1311, 1313,

1316. (11th Cir.1992). See also Reaves, 336 F.3d at 413 ("Accordingly, a 'bona fide purchaser'

of trust assets receives the assets free of claims by trust beneficiaries."). A bona fide purchaser is

one who received the proceeds "for value" and "without notice of the breach of trust." Id. A

transfer is "for value" "if money is paid or other property is transferred or services are rendered

as consideration for the transfer of trust property." Endico Potatoes, Inc. v. CIT Group/Factoring,

Inc., 67 F.3d 1063, 1068 (2nd Cir. 1995), quoting  Restatement (Second) of Trusts § 298. A

person has notice of a breach of a trust only if he or she knew or should have known of the

breach. Gargiulo, 131 F.3d at 1000. "In the PACA context, once a lender has knowledge that the

borrower/trustee was experiencing financial difficulties, or was failing to pay its suppliers, the

lender has a duty of inquiry. If such an inquiry would have revealed the breach of the trust, then

the person 'should have known' of the breach." Id. (citations omitted).

Here, Plaintiff alleged in the Amended Complaint that, at the time it assumed control of

Atlantis, NECO took control of Atlantis' PACA Trust Assets and subsequently took into its

possession additional PACA Trust Assets through the collection of Atlantis' accounts receivable.

Compl. ¶ 59. Additionally, Plaintiff alleged that, at the time it assumed control of Atlantis,

---

was dismissed without prejudice because the plaintiff failed to allege that NECO, in purchasing
Atlantis, was not a bona fide purchaser of value.

NECO knew or should have known that (1) Atlantis was engaged in and derived its revenue from the purchase and sale of Produce; and (2) Atlantis was in severe financial difficulty and unable to pay its Produce-related debts, such as the debt owed to Plaintiff. Compl. ¶ 57-58.  These allegations are sufficient to show that NECO "should have known" of the breach of the PACA trust and, therefore, Plaintiff has sufficiently alleged that NECO was not a bona fide purchaser of value.

See Gargiulo, 131 F.3d at 1000.  Accordingly, Plaintiff has stated a claim in Count VIII of the Amended Complaint.

*Fraudulent Transfer (Count IX)*

Count IX alleges that Atlantis fraudulently transferred PACA trust assets to NECO, the DeLongs, and to other unknown third parties in violation of the Florida Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101, et seq. ("FUFTA").  FUFTA was promulgated to prevent an insolvent debtor from transferring assets out of the reach of its creditors when the debtor's intent is to hinder, delay, or defraud any of its creditors. Id.  Thus, the statute provides that any transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation to hinder or defraud the creditor or without receiving "reasonably equivalent value in exchange for the transfer or obligation." Fla. Stat. § 726.105-106. FUFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. Nationsbank, N.A. v. Coastal Utilities, Inc., 814 So.2d 1227, 1229 (Fla. 4th DCA 2002).  The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." Id.; Gulf Coast Produce, Inc. v. American Growers, Inc., 2008 WL 660100, *6 (S.D. Fla. 2008).  The Amended Complaint does

not allege fraudulent intent.  Instead, the Complaint simply alleges that assets were transferred without consideration at a time when Atlantis was insolvent and that the recipients had reasonable cause to believe that Atlantis was insolvent. Comp. ¶ 65-69.  Based on this deficiency, the Court finds that Count IX must be dismissed without prejudice. See Gulf Coast Produce, 2008 WL 660100 at *6.  Accordingly, it is hereby

　　　　　**ORDERED AND ADJUDGED** as follows:

　　　　　Defendant NECO's Renewed Motion to Dismiss (DE 14) is GRANTED IN PART AND DENIED IN PART as follows:  (a) Count IV- Fraudulent Transfer - is dismissed without prejudice, with leave to amend, consistent with this Order.

　　　　　DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of July, 2009.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　KENNETH A. MARRA
　　　　　　　　　　　　　　　　　　　United States District Judge

copies to:
All counsel of record